Nasix, C. J.
 

 The plaintiffs sue as merchants in trade. The declaration contained one count. The account on which the action is brought, is a store account. The defendant, on motion and by leave, paid into Court the sum of $18,10, the amount by him admitted to be clue on the store account, together with the costs of suit, up to that time. This money was taken out by the plaintiffs. In the accoun t filed by the plaintiffs, is an item for a quantity of manure. As to that item, the case is: The plaintiffs carried on their trade, as merchants in the town of Salisbury. In 1851, Calvin S. Brown, the son, engaged with the rail-road company as a contractor, and erected stables on the land of Mr. Miller, in Carb arras county, convenient
 
 to
 
 the place where he was working; there the manure was collected, and was sold by Calvin S. Brown to the defendant. On the trial of the case, at a subsequent term, it was insisted by the defendant’s counsel, that there was no evidence to show a partnership between the plaintiffs as to the manure. The plaintiffs, on the contrary insisted that, by paying the money into Court, the defendant admitted the character in which the plaintiffs sued, and that the jury had nothing to do, but assess the damages. He fur
 
 *380
 
 tlier insisted here, that, as the declaration liad but one count, the payment of money into Court, extended to the whole count, and was an admission, that something was due to the plaintiffs for the manure. His Honor was of opinion that these facts furnished no evidence of a partnership, as to the claim in controversy. In this we concur.
 

 Mr. Phillips, in his treatise on Evidence, 1 vol. p. 14-2, says, as to payment of money into Court: “ Such payment, m
 
 general,
 
 is an acknowledgment of the right of action to the amount of that particular sum.” “ It is an admission by the defendant, that the plaintiff has a legal demand to a certain extent,
 
 hot it is not an aelmowledgment ~beyond that amowvt,
 
 and will not preclude the defendant from taking any objection to the action, with respect to any other part of the demand to which the pay ment of the money does not apply, although if no money hadbeen brought into Court, the objection might have been abar to the whole demand.” In
 
 Rucker
 
 v.
 
 Palsgrave,
 
 1 Taunt. 419, it is held, that in an action of a general indebitatus assumpsit, payment of money into Court is no admission of a contract beyond the amount paid in. Thus, where the action was for goods sold to defendant’s wife, the amount of the plaintiff’s particular was £28. 5s. 6d., for various articles. The sum paid in was £10. Upon the trial, it appeared, that the wife had obtained the goods, under such circumstances that the husband was discharged from all obligation to pay any thing ; but the Judge at the trial, considered the payment of the money
 
 into
 
 Court, as an admission of a general liability, and directed a general verdict for the whole. This, on a motion for a new trial, was held to be error; that the verdict ought to be restricted to the £10. In
 
 Hitchcock
 
 v.
 
 Tyson,
 
 1 Esp. 481, note, it was held by Buller, that after a payment of money into Court, on a single count for work and labor done, the defendant might show he was an infant at the time the work was done—a defense to the whole action; and they cut the demand down to the amount paid in. If then the payment of money into Court, when the defendant has a good defense to the whole demand, does not prevent him from show
 
 *381
 
 ing a defense which might have gone to the whole action; surely he may be permitted to show, that he is not bound to pay for a part of the items upon which the money was not paid. In the case last cited, the declaration contained, as here, but one count. Our attention was called to the case of
 
 Cox
 
 v.
 
 Parry,
 
 1 T. R. 464. That was an action
 
 on a ~bond,
 
 and several breaches were assigned. The payment of money into Court upon one breach, necessarily admitted the bond, and as necessarily admitted it to each breach. The bond was the foundation upon which each breach rested. But the case here, is very different. The payment of the money into Court, upon a particular part of the account filed, admitted not only the character in which the plaintiffs sued, but also that the defendant was justly indebted to the plaintiffs on that account, to the extent of the money paid in, but it necessarily admitted nothing as to the items upon which the money was not paid in. In fact, when money is paid into Court upon an account, and the plaintiff takes it out, that portion of the claim is considered as stricken out of the declaration, and the parties go to trial on the balance of the claim, as if the part stricken out had never been included in it. The defendant, therefore, was at liberty to deny in this case, so far as the manure was concerned, not only the character in which the plaintiffs claimed it, but also to show any thing which proved that the claim was not just. The rule must be so; if it were not, gross fraud or gross oppression might easily be practised on defendants. The rule suffering defendants to pay money into Court, was adopted to put a speedy end to litigation, and thereby save costs ; a defendant knows he is indebted to the plaintiffs upon a portion of the account, but he is consciorrs he does not owe them the balance on a particular item. Now, he does not wish to litigate that portion which he knows to be just, but according to the plaintiffs’ doctrine he must do that, and thereby incur an addition of costs; for the plaintiff must ultimately recover something. This would be oppressive and unjust. But again, in this case, suppose the defendant had a good set off against Calvin Brown, and the claim for the
 
 *382
 
 manure, was due actually to Mm, how could the defendant avail himself in that action against Calvin’s claim ? How could he avail himself of this set off ? Only by showing, that the claim -was not a partnership demand, and thereby compelling Calvin Brown to sue him in his own name. Of this right and privilege, that is, of paying into Court what he knew he owed the firm of Brown and Son, he could not be deprived, by their putting into an account, which was due them as partners, an item due to one of them individually; nor, could he thereby be deprived of the right of showing, that he did not owe the money due for the manure to the firm, but to Calvin the son.
 

 Per Curiam.
 

 Judgment affirmed.